**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
*Tampa Division*

IN RE:                                                Chapter 11

MARLIN RAY BRIGGS, JR.,                               Case No.: 8:15-bk-03624-CED

_____Debtor._____/

## PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of MARLIN RAY BRIGGS, JR. (the "Debtor") from the Debtors future earnings.

This Plan provides for eleven classes of secured claims; one class of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately sixty-three cents ($0.63) on the dollar[1]. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtors and the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.      All allowed claims by Tax Collectors or Tax Certificate Holders for Ad valorem tax claims.

2.02    Class 2.      The secured claim of Bank of America/1st Mortgage/1308 E. 151st Ave., Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class 3.      The secured claim of City of Bank of America/2nd Mortgage/1308 E. 151st Ave., Lutz, FL to the extent allowed as a secured claim under §

---

[1] This amount is based on the unsecured claims on the petition date, excluding four scheduled unsecured claims that the Debtor intends to file objections to claims on: Asset Acceptance, LLC ($12,129.19), Cavalry SPV I ($10,937.07), Ford Motor Credit ($641.00), and Northland Group, Inc. ($14,235.00). This amount could vary drastically depending on the deficiency claims of the Debtor's secured creditors and the success of the aforementioned objections to claims. The Debtor is basing its calculation on the claims as of the date of the filing of the Plan.

506 of the Code.

2.04    Class 4.    The secured claim of Bank of America/1st Mortgage/1302 E. 151st Avenue, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.05    Class 5.    The secured claim of Bank of America/2nd Mortgage/1302 E. 151st Avenue, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.06    Class 6.    The secured claim of Martino Mortgage/3608 Berger Road, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.07    Class 7.    The secured claim of Wilmington Savings Fund/1st Mortgage/ 1319 E. 149th Avenue, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.08    Class 8.    The secured claim of Rushmore Loan Management SVC/2nd Mortgage/1319 E. 149th Avenue, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.09    Class 9.    The secured claim of Wilmington Savings Funds Soc./ 1306 E. 151st Street, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.10    Class 10.    The secured claim of Wells Fargo/1301 E. 151st Avenue, Lutz, FL to the extent allowed as a secured claim under § 506 of the Code.

2.11    Class 11.    The secured claim of Wells Fargo Bank/1202 Sinclair Hills Road, Lutz, FL  to the extent allowed as a secured claim under § 506 of the Code.

2.12    Class 12.    All general unsecured claims allowed under § 502 of the Code.

2.13    Class 13.    The Debtor's equity in the property of the Bankruptcy Estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.   The Debtor estimates additional attorney and accounting administrative fees of approximately $20,000.00.  Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

2

3.03    Priority Tax Claims.  Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as agreed to by the Debtor and the claimant.

3.04    United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured Tax Claims (Hillsborough County Tax Collector) | Non-impaired | This class includes the following claims: Claim #1 filed by the Hillsborough County Tax Collector and Claim #2 filed by the Hillsborough County Tax Collector.  The Debtor believes that these claims have been satisfied.  To the extent that these claims have not been satisfied, the Debtor shall pay these claims in full, plus any statutory interest which accrued post-petition, within sixty (60) days of the effective date of Confirmation. |
| Class 2 - Secured Claim of Bank of America/1st Mortgage/1308 E. 151st Ave. (Homestead) | Non-impaired | Bank of America holds a scheduled claim in the amount of $166,478.00 secured by a first mortgage on the Debtor's homestead located at 1308 E. 151st Avenue, Lutz, Florida.<br><br>The Debtor will continue making payments in accordance with the loan documents. |
| Class 3 - Secured Claim of Bank of America/2nd Mortgage/1308 E. 151st Ave. (Homestead) | Impaired | Bank of America ("BOA") holds a scheduled claim in the amount of $40,400.90 purportedly secured by a second mortgage on the Debtor's homestead located at 1308 E. 151st Avenue, Lutz, Florida.<br><br>BOA has sent the Debtor a letter stating that this claim has been forgiven.  The Debtor has or will be filing an objection to claim, objecting to this claim in toto. |

| Class 4 - Secured Claim of Bank of America/1st Mortgage/1302 E. 151st Avenue, Lutz, FL | Impaired | Bank of America ("BOA") filed a proof of claim **(Claim #5)** in the amount of $197,572.54 which is secured by a first mortgage on real property located at 1302 E. 151st Avenue, Lutz, Florida. The Debtor either has filed, or will be filing, a motion to determine the secured status of the claim.<br><br>BOA's allowed secured claim will be amortized over thirty (30) years at 5.25% interest with payments commencing thirty (30) days from the entry of the Confirmation Order. Any adequate protection payments paid during the course of this bankruptcy will be applied to the allowed secured claim. BOA will retain its lien to the same extent, validity, and priority as existed pre-Petition. Any allowed unsecured claim will be paid pursuant to Class 12. |
|---|---|---|
| Class 5 - Secured Claim of Bank of America/2nd Mortgage/1302 E. 151st Avenue, Lutz, FL | Impaired | Bank of America ("BOA") filed a proof of claim **(Claim #9)** in the amount of $38,376.75, which is secured by a second mortgage on real property located at 1302 E. 151st Avenue, Lutz, Florida. The Debtor believes that this claim is wholly unsecured. The Debtor either has filed, or will be filing, a motion to determine the secured status of the claim.<br><br>BOA's allowed secured claim, if any, will be amortized over thirty (30) years at 5.25% interest with payments commencing thirty (30) days from the entry of the Confirmation Order. Any adequate protection payments paid during the course of this bankruptcy will be applied to the allowed secured claim. If the Court determines that BOA holds an allowed secured claim, BOA will retain its lien to the same extent, validity, and priority as existed pre-Petition. Any allowed unsecured claim will be paid pursuant to Class 12. |
| Class 6 - Secured Claim of Martino Mortgage/3608 Berger Road, Lutz, FL | Non-impaired | Martino Mortgage holds a scheduled claim of $138,857.00 secured by real property located at 3608 Berger Road, Lutz, Florida.<br><br>The Debtor will continue making the regular monthly payments in accordance with the loan documents. |

| | | |
|---|---|---|
| Class 7 - Secured - Wilmington Savings Fund/1st Mortgage/ 1319 E. 149th Avenue, Lutz, FL | Impaired | Wilmington Savings Fund Society, FSB, Doing Business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-9TT ("Wilmington") filed a proof of claim **(POC #4)** in the amount of $213,099.64, which is secured by a first mortgage on real property located at 1319 149th Street, Lutz, Florida.  The Debtor either has filed, or will be filing, a motion to determine secured status of the claim.<br><br>Wilmington's allowed secured claim will be amortized over thirty (30) years at 5.25% interest, with payments commencing thirty (30) days after the entry of the Confirmation Order.  Any adequate protection payments made during the course of this bankruptcy will be applied to the allowed secured claim.  Wilmington will retain its lien to the same extent, validity, and priority that existed pre-Petition.  Any allowed unsecured claim will be paid pursuant to Class 12. |
| Class 8 - Secured - Rushmore loan Management SVC/2nd Mortgage/1319 E. 149th Avenue, Lutz, FL | Impaired | Rushmore Loan Management Svc ("Rushmore") holds a scheduled claim in the amount of $208,000.00, purportedly secured by real property located at 1319 E. 149th Avenue, Lutz, Florida.  The Debtor believes this claim is a duplicate of the Class 7 claim.  The Debtor either has filed, or will file, an objection to claim, objecting to this claim in toto.<br><br>Any allowed secured claim will be amortized over thirty (30) years at 5.25% interest, with payments commencing thirty (30) days after the entry of the Confirmation Order.  If the Court determines Rushmore holds an allowed secured claim, Rushmore will retain its lien to the same extent, validity, and priority that existed pre-Petition.  Any allowed unsecured claim will be paid pursuant to Class 12. |

| | | |
|---|---|---|
| Class 9 - Secured - Wilmington Savings Funds Soc./ 1306 E. 151st Street, Lutz, FL | Impaired | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee for the PrimeStar-H Fund I Trust ("Wilmington") filed a proof of claim (POC #7) in the amount of $141,677.11 secured by real property located at 1306 E. 151st Avenue, Lutz, Florida 33549-3546. The Debtor filed a motion to determine the secured status of the claim (Docket #35).<br><br>The allowed secured claim will be amortized over thirty (30) years at 5.25% interest. Any adequate protection payments made during the course of this bankruptcy will be applied to the allowed secured claim. Wilmington will retain its lien to the same extent, validity, and priority that existed pre-Petition. Any allowed unsecured claim will be treated pursuant to Class 12. |
| Class 10 - Secured - Wells Fargo/1301 E. 151st Avenue, Lutz, FL | Impaired | Wells Fargo Bank, National Association, as Trustee for Banc of America Alternative Loan Trust 2006-8 ("Wells") filed a proof of claim (POC #6) in the amount of $244,611.77, secured by real property located at 1301 East 151st Avenue, Lutz, Florida 33549. The Debtor filed a motion to determine secured status of the claim (Docket #34).<br><br>The allowed secured claim will be amortized over thirty (30) years at 5.25% interest. Any adequate protection payments made during the course of this bankruptcy will be applied to the allowed secured claim. Wells will retain its lien to the same extent, validity, and priority that existed pre-Petition. Any allowed unsecured claim will be treated pursuant to Class 12. |
| Class 11 - Secured - Wells Fargo Bank/1202 Sinclair Hills Road, Lutz, FL | Impaired | Wells Fargo Bank, N.A. ("Wells") filed a proof of claim (POC #8) in the amount of $323,338.47 secured by real property located at 1202 Sinclair Hills Road, Lutz, Florida 33549-3503. The Debtor either has filed, or will be filing, a motion to determine the secured status of the claim.<br><br>The allowed secured claim will be amortized over thirty (30) years at 5.25% interest. Any adequate protection payments made during the course of this bankruptcy will be applied to the allowed secured claim. Wells will retain its lien to the same extent, validity, and priority that existed pre-Petition. Any allowed unsecured claim will be treated pursuant to Class 12. |

| Class 12 - General Unsecured claims | Impaired | The Debtor will fund fifteen thousand dollars ($15,000.00) to a plan pool. Creditors in this class will receive a pro rata distribution of their claim without interest in twenty (20) quarterly distributions of $750 commencing on the start of the calendar quarter immediately following the Effective Date of Confirmation. In the event that this quarter starts less than thirty (30) days after the entry of the Confirmation Order, payment shall not commence until the following quarter. Promissory notes will be issued to each creditor in this class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. A copy of a sample promissory note is attached hereto as **Exhibit A** and incorporated herein by reference. |
| Class 13 - The Debtor's Equity in Property of the Bankruptcy Estate | Impaired | The Debtor will retain his equity in the property of the Bankruptcy Estate post-Confirmation. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04    Objection to Claims. Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

* Rental agreement with Duane and Debra Nelson and Hollis Bessone and Joyce Dolan - 149 E. 149th Ave.

7

- Rental Agreement with Gregory Dobrener - 1306 E. 151st Ave.
- Rental Agreement with Kevin Ashbaugh and Tracey Bussey - 1202 Sinclair Hills Road
- Rental Agreement with Michael Stowe/Erica Martin - 1302 E. 151st Ave.

(b)The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan unless plead otherwise through specific motion.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor shall fund the Plan through his continued operation of his masonry business and through the continued rentals of his investment properties.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance. This provision is inapplicable as the Debtors are individual Chapter 11 debtors.

8

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge</u>. Confirmation of this Plan will not discharge the Debtors from any debt that arose before confirmation of this Plan. The Debtors will receive a discharge upon completion of the Plan obligations, consistent with 11 U.S.C. § 1141.

## ARTICLE X
## OTHER PROVISIONS

10.1 <u>Request for "Cram Down" of Non-Accepting Classes</u>. The Debtor requests that the Court confirm the Plan notwithstanding the failure of classes to vote to accept the Plan. Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in a manner prescribed by §1129(b) of the Code. A Plan that binds non-accepting classes is commonly referred to as a "cram down" Plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of §1129(a)(8) of the Code, does not "discriminate unfairly," and is "fair and equitable" toward each impaired class that has not voted to accept the Plan. **Creditors and Equity Interest Holders concerned with how the cram down provisions will affect your claim or equity interest should seek independent counsel, as the variations on this general rule are numerous and complex.** The Debtor is not required to file a motion for other pleading to seek and obtain cram down of a Plan. As a result, the Debtor will seek the Court's confirmation of this Plan in accordance with the cram down provisions of the Bankruptcy Code by *ore tenus* motion at the date and time of the Confirmation Hearing without further notice to creditors or other parties in interest.

10.2 <u>Retention of Jurisdiction</u>. Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

b. The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

c. The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

d. The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

e. The enforcement and interpretation of the terms and conditions of this Plan;

f. The entry of an Order including injunctions necessary to enforce  the title

rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

g.    The entry of an order concluding and terminating this case.

**DATED** on this 2 _8th_ day of August, 2015.

_Marlin Ray Briggs_
MARLIN RAY BRIGGS, JR.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _28th_ day of August, 2015, a true and correct copy of the foregoing *Plan of Reorganization* has been furnished by ■ CM/ECF Electronic Mail to:

Brian T FitzGerald on behalf of Creditor Doug Belden
        fitzgeraldb@hillsboroughcounty.org, connorsa@hillsboroughcounty.org;
        stroupj@hillsboroughcounty.org;litigation@hillstax.org

Jeffrey S Fraser on behalf of Creditor WELLS FARGO BANK, N.A
        bkfl@albertellilaw.com

Kevin L Hing on behalf of Creditor Wells Fargo Bank, National Association, as Trustee for
        Banc of America Alternative Loan Trust 2006-8 Mortgage Pass-Through
        Certificates, Series 2006-8 khing@logs.com, Electronicbankruptcynotices@logs.com

Matthew M Holtsinger, bankruptcynotices@kasslaw.com

Amy M Kiser on behalf of Creditor STATEBRIDGE COMPANY, LLC
        bankruptcy@gilbertgrouplaw.com

Benjamin E. Lambers on behalf of U.S. Trustee United States Trustee - TPA
        Ben.E.Lambers@usdoj.gov

Tricia Morra on behalf of Creditor BANK OF AMERICA, N.A
        tmorra@ffapllc.com, kcochran@ffapllc.com;eshivley@ffapllc.com

Nicole Mariani Noel on behalf of Creditor Wilmington Savings Fund Society, FSB
        bankruptcynotices@kasslaw.com

Shirley R Palumbo on behalf of Creditor Bank of America, N.A.
        ecf@gladstonelawgroup.com, spalumbo@gladstonelawgroup.com

Leslie Rushing on behalf of Creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master
        Participation Trust  lrushingesq@me.com, leslie.rushing@qpwblaw.com;
        flmdbknotices@qpwblaw.com

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Jonathan A Semach, on behalf of Debtor, jonathan@tampaesq.com, peggy@tampaesq.com; nancy@tampaesq.com;kevin@tampaesq.com

and, by ■ Regular U.S. Mail to:

Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346;

State of Florida, Department of Revenue, PO Box 6668, Tallahassee, FL 31314-6668

Marlin Ray Briggs, Jr., 1308 E. 151st Avenue, Lutz, FL 33549; and

Twenty (20) Largest Unsecured Creditors.

Respectfully submitted,

BUDDY D. FORD, P.A.,

/s/ J. Ryan Yant
Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*
Jonathan A. Semach, Esquire (FBN: 0060071)
Email: *Jonathan@tampaesq.com*
J. Ryan Yant, Esquire (FBN: 104849)
Email: Ryan@tampaesq.com
115 North MacDill Avenue
Tampa, Florida 33609-1521
Telephone #: (813) 877-4669
Facsimile #: (813) 877-5543
Office Email: *All@tampaesq.com*
Attorney for Debtor

11

Label Matrix for local noticing
113A-8
Case 8:15-bk-03857-KRM
Middle District of Florida
Tampa
Thu Aug 20 13:57:06 EDT 2015

Cannon Financial Services
14904 Colections Center Dr.
Chicago, IL 60693-0149

GE Capital Info Tech Sol
dba IKON Financial Services
1738 Bass Road
Macon, GA 31210-1043

Morse & Gomez PA
PO Boxx 6537
Brandon, FL 33508-6009

Suntar EMS
c/o Financial Credit Svcs
628 Bypass Drive
Clearwater, FL 33764-5024

American Express
PO Box 3001
16 General Warren Blvd
Malvern, PA 19355-1245

Chase Card
PO Box 15298
Wilmington, DE 19850-5298

GE Information Technology Solutions, Inc
fdba IKON Financial Services
1738 Bass Road
Macon, GA 31210-1043

Nationsatar Mortgage, LLC
c/o Kevin L. Hing
4630 Woodland Corp. Blvd.
Suite 100
Tampa, FL 33614-2429

Woods Oviatt Gilman
700 Crossroads Blvd
2 State Street
Rochester, NY 14614-1327

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Comerica Bank
PO Box 650282
Mail Code: 6514
Dallas, TX 75265-0282

Hankerson James G MD PA
c/o MAF Collection
PO Box 2842
Tampa, FL 33601-2842

Secap Finance
1313 N. Atlantic, 3rd Flr
Spokane, WA 99201-2318

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank Of America
Attn: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

End of Label Matrix
Mailable recipients    13
Bypassed recipients     0
Total                  13

## PROMISSORY NOTE

$_____ (Pro Rata Share)                          Tampa, Florida
                                                          (Quarterly)

**FOR VALUE RECEIVED**, <u>MARLIN RAY BRIGGS, JR</u>, jointly and severally, if more than one or his successors or assigns **[the "Maker"]**, in the manner hereinafter specified, promises to pay _____ (Scheduled / Claim # \_\_) **[the "Holder"]**, the principal sum of \_\_\_\_\_ _____ and \_\_\_/100 Dollars ($_____), without interest. The said principal shall be payable in lawful money of the United States of America, at _____ _____ , or at such place as may hereafter be designated by written notice from the Holder to the maker hereof, on the date and in the manner following:

    (a)    Holder was scheduled a claim or filed its claim (Claim # \_\_) in the amount of $_____ (the "Allowed Claim");

    (b)    This Note shall NOT bear interest;

    (c)    Commencing thirty (30) days from the entry of the Confirmation Order entered _____, 2013 **(Docket # \_\_)**, in the Chapter 11 case styled, *In re Marlin Ray Briggs, JR*, Case No. 8:15- bk-03624-KRM, Holder shall be paid a pro rata share of its allowed claim from the Plan Fund in twenty (20) equal quarterly payments of $_____ until the Pro Rata Share has been paid in full.

This Note shall be construed and enforced according to the laws of the State of Florida. **This Note may be prepaid at any time, in whole or in part without penalty.**

In the event of any default under the terms of this Note, including, but not limited to, the failure of the makers hereof to make any payment of principal hereby required on or before the fifteenth (15) day following its due date, the Holder of this note may only attempt to collect on the currently due and unpaid missed payments. The Holder may not call the entire unpaid balance due.

Each person liable hereon whether maker or endorser, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable attorney's fee, whether suit be brought or not, if after maturity of this Note or default hereunder, local counsel shall be employed to collect this Note or to protect the security of said assignment.

Whenever used herein, the terms "holder", "maker", and "payee" shall be construed in the singular or plural as the context may require or admit.

The parties to this instrument, by their signature below or acceptance of the Note and consents to the personal jurisdiction of Florida.

Maker's Address:

1308 E. 151ST Avenue
Lutz, Florida 33549

Dated: _____          By: _____
                                        MARLIN RAY BRIGGS, JR.

EXHIBIT
A

Label Matrix for local noticing
113A-8
Case 8:15-bk-03624-CED
Middle District of Florida
Tampa
Thu Aug 20 14:51:37 EDT 2015

Asset Acceptance, LLC
PO Box 2036
Warren, MI 48090-2036

Bank of America
PO Box 5170
Simi Valley, CA 93062-5170

Bank of America
c/o Florida Foreclosure Atty
4855 Technology Way, Suite 500
Boca Raton, FL 33431-3352

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
203 Bearss Avenue
Lutz, FL 33549

Cavalry SPV I, LLC, assignee
of Bank of America/FIA Card
500 Summit Lake Dr., Ste.400
Valhalla, NY 10595-1340

Department of Labor and Security
Hartman Building Suite 307
2012 Capital Circle Southeast
Tallahassee FL 32399 0648

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Doug Belden
Hillsborough County Tax Collector
c/o Brian T. FitzGerald, Esquire
Hillsborough County Attorney's Office
P.O. Box 1110, 27th Floor
Tampa, fl 33601-1110

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Northland Group, Inc.
PO Box 390905
Mail Code CBK1
Minneapolis, MN 55439-0905

Rushmore Loan Mangement Svc
PO Box 52708
Irvine, CA 92619-2708

Shell Citicard Credit Svc
PO Box 183018
Columbus, OH 43218-3018

Statebridge Company, LLC
c/o Michelle Garcia Gilbert, Esq
Gilbert Garcia Group, PA
2005 Pan Am Circle, Suite 110
Tampa, FL 33607-2380

U.S. Bank Trust, N.A., as Trustee
c/o Leslie Rushing, Esq.
1475 Centrepark Blvd., Suite 130
West Palm Beach, FL 33401-7424

Verizon
PO Box 5029
Wallingford, CT 06492-7529

Wells Fargo Bank, N.A.
Attn: Bankruptcy Dept.
MAC#T7416-023
4101 Wisemand Blvd.
San Antonio, TX 78251-4200

Wells Fargo Bank, N.A.
Jeffrey S. Fraser, Esq.
Albertelli Law
PO Box 32028
Tampa FL 33623

Wilmington Savings Fund
Rushmore Loan Mgmt Svcs
PO Box 55004
Irvine, CA 92619-5004

Wilmington Savings Fund Society, FSB
c/o Nicole Mariani Noel
P.O. Box 800
Tampa, FL 33601-0800

Wilminton Savings Fund Soc.
c/o Statebridge Company
5680 Greenwood Plaza Blvd.
Suite 100-S
Englewood, CO 80111-2404

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
PO Box 982235
El Paso, TX 79998

(d)Bank of America
PO Box 26078
Greensboro, NC 27420

Ford Motor Credit
PO Box 537901
Livonia, MI 48153

Home Depot / CitiCard
Dept 32 - 2013208016
PO Box 183175
Des Moines, IA 50364


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Department of Revenue                (d)Internal Revenue Service            (d)Wilmington Savings Fund Society, FSB
PO Box 6668                             P.O. Box 7346                          c/o Nicole Mariani Noel
Tallahassee, FL 32314-6668             Philadelphia, PA 19101-7346            P.O. Box 800
                                                                              Tampa, FL 33601-0800


End of Label Matrix
Mailable recipients    23
Bypassed recipients     3
Total                  26